UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RANDY KEITH JONES,

     Petitioner,

v.                                                                    CASE NO. 6:13-cv-1861-Orl-37DAB

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

     Respondents.

_____

**ORDER**

     Petitioner filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc.

1).   Respondents filed a response and supplemental response to the petition in

compliance with this Court's instructions (Doc. 13, 29).   Petitioner filed a reply to the

response (Doc. 23) and a reply to this Court's Order (Doc. 28).

     Petitioner alleges five claims for relief in his petition.[1]   For the following reasons,

the petition is denied.

*I.*    *Procedural History*

     Petitioner was charged by indictment with two counts of first degree murder.   A

jury found Petitioner guilty as charged.   The trial court sentenced Petitioner to

consecutive life terms of imprisonment.   Petitioner appealed, and the Fifth District

---

[1] Although Petitioner labels his grounds as one through three, grounds one and
three each contain two claims.   Thus, the petition actually raises five claims.

Court of Appeal of Florida (Fifth DCA") affirmed *per curiam* on November 6, 2007.   (Doc. No. 17-9 at 31.)

On April 26, 2008, Petitioner filed a state petition for writ of habeas corpus.[2] (Doc. No. 17-9 at 35.)   The Fifth DCA summarily denied the petition.   *Id*. at 69. Petitioner filed a motion for rehearing, which was denied on July 17, 2008.   *Id.* at 74.

Petitioner filed a Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief on September 26, 2008.   *Id*. at 76.   The state court denied the motion. (Doc. No. 17-11 at 27.)   Petitioner appealed, and the Fifth DCA affirmed *per curiam*. (Doc. No. 17-12 at 16.)   Mandate issued on July 28, 2011.   *Id*. at 28.

On July 15, 2011, Petitioner filed a Florida Rule of Criminal Procedure 3.853 motion for DNA testing.   (Doc. No. 17-12 at 30.)   The state court denied the motion.   Petitioner appealed.   The Fifth DCA affirmed *per curiam*.   *Id*. at 93.   Mandate issued on December 13, 2013.   *Id*. at 95.

Petitioner filed his habeas petition in this Court on November 22, 2013.   (Doc. 1.)

II.   *Timeliness*

Pursuant to 28 U.S.C. § 2244:

---

[2] This is the filing date under the "mailbox rule."   *See Thompson v. State*, 761 So.2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that [sic] the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").   All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

(d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of --

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the Fifth DCA entered its order of affirmance on November 6, 2007.   Petitioner then had ninety days, or through February 4, 2008, to petition the Supreme Court of the United States for writ of certiorari.   *See* Sup. Ct. R. 13.[3]   Thus,

_____

[3]Rule 13 provides as follows:

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the

under § 2244(d)(1)(A), the judgment of conviction became final on February 4, 2008, and

Petitioner had through February 4, 2009, absent any tolling, to file a federal habeas corpus

petition.   *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-year

period of limitation does not begin to run until the ninety-day period for filing a petition

for certiorari with the United States Supreme Court has expired).

Under § 2244(d)(2), the one year was tolled during the pendency of Petitioner's

"properly filed" state post-conviction proceedings.   Assuming Petitioner's state habeas

petition was properly filed, the time was tolled from April 26, 2008, through July 17, 2008.

When Petitioner initiated his state habeas action, eighty-one days of the one-year

limitations period had expired (February 4, 2008, through April 26, 2008).   The

limitations period began to run again on July 17, 2008, and another seventy-one days

expired, July 17, 2008, through September 26, 2008, before Petitioner filed his Rule 3.850

motion on September 26, 2008.   The time was then tolled through July 28, 2011, when

the Rule 3.850 proceeding concluded on appeal.   At that time, 213 (365-81-71=213) days

---

issuance date of the mandate (or its equivalent under local practice).   But
if a petition for rehearing is timely filed in the lower court by any party, the
time to file the petition for a writ of certiorari for all parties (whether or not
they requested rehearing or joined in the petition for rehearing) runs from
the date of the denial of the petition for rehearing or, if the petition for
rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).

of the one-year period remained in which to timey file the instant petition or through

February 27, 2012.[4]

On July 15, 2011, prior to the conclusion of his Rule 3.850 proceeding, Petitioner

filed a Rule 3.853 motion for DNA testing.   However, this motion did not toll the

limitations period.   *See Brown v. Sec'y for Dep't of Corr.*, 530 F.3d 1335, 1337-38 (11th Cir.

2008) (holding that a Rule 3.853 motion for DNA testing is not an "'application for post-

conviction or other collateral review with respect to the pertinent judgment,' for purposes

of the AEDPA tolling statute.").   Thus, Petitioner did not have any post-conviction

motions that tolled the limitations period pending in the state court after July 28, 2011.

Consequently, the petition filed on November 22, 2013, was filed 634 days after the

limitations period expired.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant

petition within the one-year period of limitation and that are not specifically addressed

herein have been found to be without merit.

### III.   *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the

Petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C.

§ 2253(c)(2).   To make such a showing "the petitioner must demonstrate that reasonable

---

[4] The one-year period concluded on February 26, 2012, a Sunday.   Thus, Petitioner had until February 27, 2012, to file the petition.

jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009).   When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934.    However, a prisoner need not show that the appeal will succeed.   *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.   Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable.   Petitioner has failed to make a substantial showing of the denial of a constitutional right.     Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1.      The Petition for Writ of Habeas Corpus (Doc. 1) filed by Randy Keith Jones is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.      Petitioner is **DENIED** a Certificate of Appealability.

3.      The Clerk of the Court shall enter judgment accordingly and is directed to

close this case.

**DONE AND ORDERED** in Orlando, Florida, this 31st day of August, 2015.

ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-1 8/31
Randy Keith Jones
Counsel of Record